<table>
<tr><td>BOULDER COUNTY DISTRICT COURT<br><br>1777 6th Street<br>Boulder, CO 80302</td><td>DATE FILED: June 20, 2019 9:19 AM<br>FILING ID: 638BEC9B35384<br>CASE NUMBER: 2019CV30608</td></tr>
<tr><td>Plaintiff(s): GREGORY LANG<br><br>v.<br><br>Defendant(s): STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY d/b/a State Farm Insurance</td><td>▲ Court Use Only ▲</td></tr>
<tr><td>Attorneys for Plaintiff:<br><br>Rebecca B. Albano (#38044)<br>Law Office of Rebecca Albano, LLC<br>1665 Grant Street, Third Floor<br>Denver, Colorado 80203<br>Telephone: (303) 815-1592<br>Facsimile: (303) 815-1593</td><td>Case No.:<br><br>Div: Ctrm:<br>This case is NOT subject to the simplified procedure for court actions under Rule 16.1 because:<br><br>This is a class action, domestic relations, juvenile, mental health, probate, water law, forcible entry and detainer, Rule 106 and 120, or other similar expedited proceeding [see C.R.C.P. 16.1(b)(1)]<br><br>and/or<br>X Claims against any party exceed $100,000.00 [see C.R.C.P. 16.1(b)(2) and (c)</td></tr>
<tr><td colspan="2">COMPLAINT</td></tr>
</table>

COMES NOW Plaintiff, Gregory Lang, by and through his attorney, Law Office of Rebecca Albano, LLC and brings this Complaint against Defendant, State Farm Mutual Automobile Insurance Company. As grounds therefore, Plaintiff states and alleges the following:

## INTRODUCTION

1. Plaintiff Gregory Lang (hereinafter "Plaintiff") seeks damages arising from bad faith and violation of C.R.S. § 10-3-115 and 10-3-1116(1) by State Farm Mutual Automobile Insurance Company (hereinafter "Defendant").

2. On December 1, 2014, Plaintiff was injured when Suzanne Brown negligently, carelessly, and/or recklessly operated her motor vehicle, and thereby causing a collision with the 2013 Volkswagen Jetta which Plaintiff was driving.

3. The subject December 1, 2014 collision occurred in El Paso County, Colorado.

4. As a result of the subject collision, Plaintiff suffered severe physical injuries, damages, and losses.

5. At the time of the collision, the at-fault driver, Suzanne Brown was driving with insurance limits that were insufficient to compensate Plaintiff for his injuries, damages, and losses.

6. Plaintiff settled his claim for policy limits with the liability carrier but the limits were insufficient to compensate Plaintiff for his full measure of damages.

7. Plaintiff continues to treat for his medical condition and has suffered substantial permanent physical impairment.

8. At the time of the collision, Plaintiff was a listed insured pursuant to an uninsured/underinsured motorist (hereinafter "UM/UIM") policy underwritten by Defendant and maintained by Gregory Lang in which Plaintiff was traveling at the time and place of the subject December 1, 2014 collision.

9. The subject Policy, policy number 025 6996 C21 06N (hereinafter "Policy") with State Farm Mutual Automobile Insurance Company, provided for Underinsured limits of $100,000 per person.

10. Defendant initially offered less than the contracted for policy limits in June of 2017.

11. Thereafter, Defendant failed to procure proper medical investigation of Mr. Lang's claim, again delaying payment of the contracted for policy limits.

12. Defendant failed to take into account any evaluation of permanent physical impairment, despite evidence provided thereto, and failed to explain its failure to do so to the Plaintiff.

13. Defendant acted in bad faith and delayed payment of coverage to Plaintiff with respect to his Underinsured motorist claim, despite being in possession of all information necessary including evidence of permanent physical impairment for several months.

## PERSONAL JURISDICTION

14. Pursuant to C.R.S. § 13-1-124(a) & (d) (West 2019), this Court has personal jurisdiction over the parties to this action as Defendant transacted business within the State of

Colorado by contracting to insure Plaintiff, who lives in the County of Douglas, State of Colorado

## **SUBJECT MATTER JURISDICTION**

15. Pursuant to C.R.S.A. Const. Art. 6 § 9 (West 2019), this Court has subject matter jurisdiction over this action because it involves a civil matter (including, among other things, breach of contract), and the amount in controversy exceeds $15,000.

## **VENUE**

16. Pursuant to C.R.C.P. 98(c)(3)(B)(iii), venue is proper in Boulder County District Court because the Defendant conducts business in Boulder County.

## **GENERAL ALLEGATIONS**

17. At the time of the subject December 1, 2014 collision, Plaintiff was a resident of the County of El Paso, State of Colorado.

18. At all times relevant, Defendant was a corporation, which conducts business in the State of Colorado.

19. At all times relevant, Defendant's principal office street address was located in the State of Colorado.

20. At all times relevant, Defendant was an insurance company licensed to write automobile insurance in the State of Colorado.

21. The Defendant's registered agent to accept service in Colorado is the Division of Insurance, located at 1560 Broadway, Suite 850 Denver, CO 80202.

22. On December 1, 2014, Plaintiff was a driver of a 2013 Volkswagen that was the subject of a policy of insurance for which Defendant had contracted.

23. On that date, Plaintiff was traveling Northound on Peterson Road.

24. At that time and place, Ms. Brown turned left in front of Plaintiff.

25. At that time and place, Ms. Brown was cited with "Vehicles turning left illegally"

26. At that time and place, Ms. Brown was negligent, careless, and/or reckless in operating his vehicle.

27. As a direct, foreseeable, and proximate cause of Ms. Brown's negligent, careless, and/or reckless actions, Plaintiff sustained and will sustain pain, suffering, loss of enjoyment of life, noneconomic damages, and economic damages.

3

28. As a direct, foreseeable, and proximate result of Ms. Brown's, careless, and/or reckless actions, Plaintiff suffered severe bodily injuries including, but not limited to, injuries to his back, neck and head, including severe cognitive difficulties.

29. Plaintiff was not negligent with respect to the December 1, 2014 collision.

30. No third party caused or contributed to the cause of the December 1, 2014 collision.

31. No third party caused or contributed to Plaintiff's injuries, damages, and losses.

32. Plaintiff was wearing his seatbelt at the time of the December 1, 2014 collision.

33. Plaintiff did not fail to mitigate his damages.

34. At the time of the subject collision, Plaintiff was covered by a UM/UIM insurance policy underwritten by Defendant.

35. At the time of the December 1, 2014 collision, all premiums due on the Policy had been paid.

36. Plaintiff was entitled to recover underinsured motorist benefits pursuant to C.R.S. § 10-4-609(1)(c) and the terms of the Policy.

37. Colorado law provides that the Defendant must provide UM/UIM coverage limits of $100,000 per person pursuant to the Policy.

38. Defendant had an obligation to provide coverage in a timely and reasonable manner in accordance with the requirements of Colorado law.

39. Plaintiff has significant collision-related medical bills, injuries, damages, and losses.

40. Plaintiff continues treatment for his collision-related injuries.

41. Plaintiff has suffered permanent physical impairment.

42. Defendant State Farm Mutual Automobile Insurance Company is legally obligated to appropriately evaluate Plaintiff's UM/UIM motorist claims.

43. Defendant State Farm Mutual Automobile Insurance Company is legally obligated to pay all benefits for which Plaintiff is eligible.

44. Defendant State Farm Mutual Automobile Insurance Company delayed the payment of Plaintiff's Underinsured Motorist claim substantially and acted in bad faith, despite numerous requests to provide the contracted for coverage.

45. Defendant State Farm delayed payment despite ample evidence that should have been sufficient to warrant payment of limits

46. Defendant State Farm did not ask Plaintiff for additional information, but simply failed to provide the contracted for limits, or a reasonable basis for the denial of coverage until finally offering all available limits in 2019.

**FIRST CLAIM FOR RELIEF**
**(Bad Faith Conduct and Breach of Contract – Underinsured Motorist Coverage)**

47. Plaintiff incorporates the above and below paragraphs herein by reference.

48. At the time of the subject collision, Plaintiff was insured by a contract of insurance underwritten by Defendant.

49. Pursuant to the Policy and Colorado law, the Policy provides for $100,000 in UM/UIM benefits per person for each collision.

50. Defendant is obligated to pay sums that an insured person is legally entitled to recover as damages from the owner or operator of an uninsured/underinsured motor vehicle because of bodily injury sustained by the insured person.

51. An uninsured/underinsured motor vehicle is a motor vehicle that either carries no insurance or is insured by a bodily injury liability bond or policy at the time of the accident that provides coverage in amounts less than the limits of uninsured/underinsured motorist coverage.

52. At the time of the subject collision, the at-fault driver, Ms. Brown was an uninsured/underinsured motorist within the definition above, lacking adequate bodily injury or liability insurance to compensate Plaintiff for her injuries, damages, and losses.

53. Plaintiff was eligible for UIM motorist coverage in the amount of $100,000 per person for each collision.

54. Despite requests by Plaintiff's counsel, Defendant repeatedly failed to provide Plaintiff the UIM benefits to which he is entitled.

55. Defendant knew its failure to pay Plaintiff amounts to which he was entitled was unreasonable.

56. Defendant recklessly disregarded the fact that its failure to pay Plaintiff was unreasonable.

57. C.R.S. § 10-3-1104(1)(h) (2019) lists conduct that is deemed to be indicative of unreasonable conduct by a first-party insurer.

58. Under C.R.S. § 10-3-1104(1)(h), Defendant willfully acted unreasonably in the following ways:

    a. Refusing to pay claims without conducting a reasonable investigation based upon all available information;

    b. Not attempting in good faith to effectuate prompt, fair, and equitable settlements of claims in which liability has become reasonably clear;

    c. Failing to promptly settle claims, where liability has become reasonably clear, under one portion of the insurance policy coverage in order to influence settlements under other portions of the insurance policy coverage;

    d. Failing to promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement; and

    e. Failing to adopt and implement reasonable standards for the prompt resolution of claims.

59. Defendant acted in bad faith and has breached its contract and has engaged in a pattern and practice of delay of payment of benefits and failed to reasonably investigate coverage.

60. Defendant failed to reasonably investigate the claim.

61. Defendant failed to communicate promptly with regard to the claim.

62. Defendant failed to provide a reasonable basis for delay and denial of payment.

63. Defendant has also acted in bad faith and has breached its contract by attempting to render Plaintiff's UM/UIM insurance coverage superfluous.

64. Defendant has delayed payment of Plaintiff's claim.

65. Defendant has caused significant emotional distress and financial loss for Plaintiff.

66. As a direct consequence of Defendant's breach of duty to its insured, Plaintiff has suffered injuries, damages, and losses for which Defendant is legally liable, including, but not limited to, additional litigation costs and emotional distress.

## SECOND CLAIM FOR RELIEF
### (Violation of C.R.S. § 10-3-1115 and C.R.S. § 10-3-1116(1))

67. Plaintiff incorporates the above and below paragraphs herein by reference.

68. Defendant has unreasonably denied and delayed Plaintiff's claims pursuant to C.RS. Section 10-3-115(1)(a), in violation of Colorado law, which provides "A person engaged in the business of insurance shall not unreasonably delay or deny payment of a claim for benefits owed to or on behalf of any first-party claimant." C.R.S Section 10-3-115(1)(a) (West 2019).

69. Defendant unreasonably delayed payment of Plaintiff's claims.

70. Defendant failed to reasonably and timely investigate Plaintiff's claims.

71. Defendant failed to communicate promptly and reasonably, failing to inform Plaintiff of the reason for delay of payment.

72. Defendant failed to provide a reasonable basis for their delay and initial denial.

73. Defendant's continued denial and/or delay of payment of benefits to Plaintiff under the insurance contract was contrary to Colorado law.

74. Defendant has caused substantial damages by their delay of payment to Plaintiff.

75. As set forth in C.R.S. § 10-3-1116(1) (West 2019), Plaintiff is entitled to recover reasonable attorney fees and two times the covered benefit due to the delay in payment and the failures of Defendant.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment for him and against Defendant in an amount to fairly and reasonably compensate Plaintiff for his injuries, damages, and losses as set forth above including, but not limited to, litigation costs, emotional distress, statutory interest pursuant to Colorado law, and for such other relief as this Court deems just and proper, and/or Plaintiff prays for the following relief:

(a) For an amount which will reasonably compensate Plaintiff for past, present and future economic loss;

(b) For an amount which will reasonably compensate Plaintiff for medical expenses, past and future;

(c) For an amount which will reasonably compensate Plaintiff for permanent limitation, injuries, and/or disfigurement, limitations and/or disabilities of the body and/or mind;

(d) For an amount which will reasonably compensate Plaintiff for pain and suffering, past and future;

(e) For an amount which will reasonably compensate Plaintiff for loss of enjoyment of life and/or the capacity of life; and

(f) For interest as provided by Statute from the date of the collision which forms the basis of the complaint to the date of verdict or judgment, and for costs and fees incurred in the prosecution of the matter and for any other and further relief as the Court may deem just and proper.

Respectfully submitted this 20th day of June 2019.

**LAW OFFICE OF REBECCA ALBANO, LLC**

*This pleading was filed electronically pursuant to Rule 121, § 1-26. The original signed pleading is in counsel's file.*

*s/ Rebecca B. Albano*

BY: Rebecca B. Albano, Esq. Atty No. 38044
**Law Office of Rebecca Albano, LLC**
1665 Grant Street
Denver, Colorado 8020
Ph: 303-815-1592
Fax: 303-815-1593
*ATTORNEY FOR PLAINTIFF*

**Plaintiff's Address:**

8100 E. Union Ave
Condo #208
Denver CO 80237